UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LUIS UZCATEGUI MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. C22-5503 BHS<br><br>ORDER |

This matter comes before the Court on Plaintiff Luis Uzcategui Martinez's Motion to Remand to State Court. Dkt. 10. The parties disagree on whether the required amount in controversy has been satisfied. Because Defendant Government Employees Insurance Company (GEICO) establishes that the amount in controversy exceeds $75,000, the Court denies the motion to remand.

## I.  BACKGROUND

Uzcategui Martinez is a resident of Washington. Dkt. 1-1, ¶ 1.1. He is insured under a GEICO insurance policy that provides underinsured motorist ("UIM") coverage. *Id.* ¶ 3.2. The policy has a limit of $100,000. *Id.*

ORDER - 1

1  　　　　In August 2019, Hubert Roach struck Uzcategui Martinez with a vehicle, injuring

2  Uzcategui Martinez. *Id.* ¶¶ 3.5–3.6. Uzcategui Martinez incurred medical expenses and

3  sought payment from Roach. *Id.* ¶¶ 3.7–3.8. Roach's insurer paid Uzcategui Martinez

4  Roach's policy limit of $25,000. *Id.* ¶ 3.8. Uzcategui Martinez also submitted a UIM

5  claim to GEICO, but GEICO did not pay. *Id.* ¶¶ 3.9–3.10.

6  　　　　Uzcategui Martinez sent to both GEICO and the Office of the Washington

7  Insurance Commissioner notice of a claim pursuant to the Insurance Fair Conduct Act

8  ("IFCA"), RCW 48.30.015. Dkt. 14-1 at 4–5. This notice stated that GEICO denied

9  coverage in bad faith and that "Geico may resolve the insured's cause of action against it

10 under RCW 48.30.015, the Insurance Fair Conduct Act, by tendering to Mr. Uzcategui

11 the available limits under policy number 9100240038." *Id.* at 5.

12 　　　　Uzcategui Martinez subsequently sued GEICO in Clark County Superior Court,

13 alleging bad faith, breach of contract, breach of fiduciary duty, violations of the

14 Consumer Protection Act (CPA), and negligence. Dkt. 1-1, ¶¶ 4.1.2–4.5.4.

15 　　　　GEICO removed the case to federal court on the ground of diversity jurisdiction.

16 Dkt. 1, ¶¶ 4–6. Uzcategui Martinez does not dispute that there is diversity of citizenship.

17 Instead, he moves to remand on the basis that GEICO fails to show that the amount in

18 controversy exceeds $75,000. Dkt. 10 at 1. In response, GEICO contends that both the

19 IFCA notice and the complaint sufficiently demonstrate that the amount in controversy

20 requirement is satisfied. Dkt. 14 at 2.

21

22

## II. DISCUSSION

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction. *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). As such, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction means that the party asserting federal jurisdiction has the burden of establishing that removal is proper. *Id.* As such, it bears the burden of establishing the amount in controversy by a preponderance of the evidence. *Id.* at 567.

In response to Uzcategui Martinez's motion to remand, GEICO filed a copy of the IFCA notice that Uzcategui Martinez sent to both GEICO and the Insurance Commissioner's office. Dkt. 14-1 at 4–5. Again, this notice stated, with regard to Uzcategui Martinez's bad faith claim, that "Geico may resolve the insured's cause of action against it under RCW 48.30.015, the Insurance Fair Conduct Act, by tendering to Mr. Uzcategui the available limits under policy number 9100240038." *Id.* at 5. The complaint provides that this same insurance policy has a limit of $100,000. Dkt. 1-1, ¶ 3.2. This is alone sufficient to establish that the amount in controversy exceeds $75,000.[1]

---

[1] When Uzcategui Martinez sent a notice of claim to the Commissioner's office seeking $100,000 representing GEICO's policy limits, he was impliedly asserting that he was seeking, and entitled to, damages, including attorneys' fees, of at least $100,000. If this was not the case, then his notice was arguably made in bad faith.

In addition to seeking damages for bad faith, the complaint also seeks damages for breach of contract, breach of fiduciary duty, negligence, and violations of the CPA. *Id.* ¶¶ 4.1.4, 4.2.4, 4.3.4, 4.4.4, 4.5.4. Moreover, Uzcategui Martinez seeks an award of attorneys' fees, costs, and exemplary damages, including treble damages of $10,000 for each CPA violation. *Id.* ¶ 4.4.4. The potential damages for these claims further increase the amount in controversy.

### III.  ORDER

Because the Court has diversity jurisdiction over the case, the removal was proper. Accordingly, the Motion to Remand to State Court, Dkt. 10, is **DENIED**.

Dated this 29th day of September, 2022.

BENJAMIN H. SETTLE
United States District Judge